■ JOSEPH W. OVERSTREET, Respondent, v JACK SOFFER, Appellant.— Judgment, Supreme Court, New York County, entered February 23, 1979, awarding plaintiff the sum of $13,150.26, unanimously reversed, on the law, with costs and disbursements, and the complaint dismissed. Relying on what it perceived as ambiguity in the lease, which it resolved against the landlord, Trial Term found for plaintiff on the grounds that commercial use of a portion of the demised premises was permitted, and that the landlord frustrated the tenant's efforts to lease commercially with resultant damages. This was error. The lease could not have been clearer. The premises were let "for artist's studio and residential purposes". The tenant never claimed ambiguity in the lease, either in his pleadings or during the trial. In fact, he sought reformation of the lease to reflect the parties' actual intention. But his claim of oral misrepresentation is belied by, *inter alia,* the terms of paragraph 46, added to the lease at his request and prepared by his attorney, which expressly recognized the limitation of use provided elsewhere in the lease, Trial Term properly dismissed the first and second causes of action. The third, sounding in fraud, should also have been dismissed. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.

■ GREATER NEW YORK HEALTH CARE FACILITIES ASSOCIATES, Respondent, v STATE OF NEW YORK, Appellant, and HOWARD F. MILLER et al., Respondents.—Appeal from judgment, Supreme Court, New York County, entered on July 27, 1979, unanimously dismissed, as moot, without costs and without disbursements. No opinion. Concur—Fein, J. P., Sandler, Sullivan and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER KLASS, Appellant.—Judgment, Supreme Court, New York County, rendered on July 24, 1979, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Birns, J. P., Ross, Lupiano, Silverman and Carro, JJ.